**SO ORDERED.**

**SIGNED this 9th day of January, 2012.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

_____

For on-line use but not print publication
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| D.J. CHRISTIE, INC., | CASE NO. 11-40764 |
| Debtor. | CHAPTER 11 |
| D.J. CHRISTIE, INC., | |
| Plaintiff, | |
| v. | ADV. NO. 11-7043 |
| ALAN E. MEYER, JOHN R. PRATT, WASHINGTON INTERNATIONAL INSURANCE COMPANY, ALEXANDER W. GLENN, and DAVID J. CHRISTIE, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER GRANTING
LIBERTY BANK'S MOTION TO INTERVENE**

This adversary proceeding seeks an order allowing offset of certain judgments: (1) a judgment for $7,170,603 in favor of Defendants Alan E. Meyer ("Meyer") and John R. Pratt ("Pratt") against Debtor and Defendants Alexander W. Glenn ("Glenn") and David J. Christie ("Christie") entered by the United States District Court for the District of Kansas in Case No. 07-2230-CM; and (2) a number of judgments totaling approximately $7,543,500.40 now held by Debtor, Glenn, and Christie against Meyer and Pratt, originating in Iowa and registered in the District Court of Dickinson County, Kansas. Debtor contends its liability on the federal judgment should be offset against the liability of Meyer and Pratt on the Iowa judgments, with Meyer and Pratt remaining liable to the extent that the amount of the Iowa judgments exceeds the amount of the federal judgment.

Liberty Bank, F.S.B. ("Liberty"), moves to intervene. It holds judgments for approximately $800,000 against Meyer. Those judgments have been registered in the District Court of Johnson County, Kansas. On May 16, 2011, Liberty served a garnishment order on Christie to collect the judgments. On May 19, 2011, Liberty served a garnishment order on Debtor to collect the judgments. The answers of both Debtor and Christie to the garnishments assert that nothing is owed to Meyer because Meyer's liability to Debtor and Christie under the Iowa judgments exceeds the liability of Debtor and Christie to Meyer under the federal judgment.

Debtor opposes intervention. For the reasons stated below, the Court grants the motion to intervene.

**Federal Rule of Bankruptcy Procedure 7024 governs intervention.**

Intervention in an adversary proceeding is governed by Federal Rule of Bankruptcy Procedure 7024, which incorporates Federal Rule of Civil Procedure 24. A person has a right to intervene if claiming "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[1] In addition, the Court may permit anyone to intervene if the person "has a claim or defense that shares with the main action a common question of law or fact."[2] In exercising discretion to allow permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[3]

**The conditions for intervention as of right are present.**

The first requirement for intervention as of right is that the movant have an interest relating to the property or transaction that is the subject of the action. The Tenth Circuit has said: "[W]e have not required that 'the movant in intervention have a *direct* interest in the outcome of the lawsuit,' but have required rather that 'the "interest" asserted in the

---

[1] Fed. R. Civ. P. 24(a)(2).

[2] Fed. R. Civ. P. 24(b)(1)(B).

[3] Fed. R. Civ. P. 24(b)(3).

3

subject of the litigation . . . be a specific legal or equitable one.'"[4]  Because courts have difficulty in defining precisely the type of interest necessary for intervention, the Tenth Circuit looks "to the policy concerns underlying the interest requirement to determine whether an applicant's interest is sufficient."[5]  As one treatise has explained, the rules regulating intervention attempt to strike a balance between three varying interests: (1) Those presently litigating who would prefer that others not be brought in; (2) those on the outside who wish to be made parties, believing the outcome will effect them; and (3) the public interest in the efficient resolution of controversies.[6]  The Tenth Circuit regards the interest test for intervention as a "'practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'"[7]

Does Liberty have an interest relating to the property or transaction which is the subject of the litigation?  The primary subject of the adversary complaint is whether Debtor's obligation to Meyer and Platt by virtue of the federal judgment can be satisfied by offset of the amount owed to Debtor by Meyer and Platt by virtue of the Iowa

---

[4] *FDIC v. Jennings*, 816 F.2d 1488, 1491 (10th Cir. 1987) (*quoting Natural Resources Defense Council, Inc., v. U.S. Nuclear Reg. Comm'n*, 578 F.2d 1341, 1344 (10th Cir. 1978) (emphasis in original) and *Allard v. Frizzell*, 536 F. 3d 1332, 1333 (10th Cir. 1976)).

[5] *Id. (quoting Sanguine, Ltd., v. U.S. Dep't of Interior*, 736 F.2d 1416, 1420 (10th Cir. 1984)).

[6] 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil, § 1901 at 258-59 (3rd ed. 2007).

[7] *FDIC v. Jennings,* 816 F.2d at 1491 (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

judgments. Liberty when moving to intervene alleges an interest in Debtor's obligation to Meyer and Platt arising because of garnishments of both Debtor and Christie to satisfy judgments of Liberty against Meyer. The answers to each of those garnishments took the position nothing was owed to Meyer by the garnishees because when the amount owed under the Iowa judgments in favor of garnishees Debtor and Christie is offset against the federal judgment against the garnishees, there is a net amount owing by Meyer and Pratt to Debtor, Christie, and Glenn. Thus the subject matter of this proceeding is the same as that stated in Debtor's answer to Liberty's garnishment.

Debtor characterizes Liberty's interest as insufficient since Liberty does not propose to pursue a claim against Debtor or any of the defendants, except the collection of a debt of Meyer to Liberty. It cites *Alisal Water*,[8] a decision by the Ninth Circuit Court of Appeals in an environmental enforcement action against Alisal Water brought by the United States, which affirmed denial of intervention to a judgment creditor of Alisal Water. It held that the creditor's interest in the "prospective collectability of a debt" was "several degrees removed from the overriding public health and environmental policies that are the backbone of this litigation."[9] The Ninth Circuit has explained *Alisal Water* as holding "that the mere interest in the prospective collectablility of a debt is insufficient to

---

[8] *U.S. v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004).

[9] *Id*. at 920.

5

satisfy the requirements of Rule 24(a)(2), unless that interest is related to the underlying subject matter of the action."[10]

This case is outside this understanding of *Alisal Water*. The underlying subject of this litigation is the relationship of the various judgments in issue. Liberty alleges an interest in that relationship by virtue of its status as garnishor of Debtor and Christie to satisfy a claim of Meyer held by Liberty.

A balancing of the competing policies supports intervention. Debtor wishes to confine the litigation to the parties initially named in the complaint. Liberty believes that the outcome of the litigation may affect the collectability is its judgment, and the answers of the garnishees provide a strong basis for that belief. Resolution of the offset issue as applied to Liberty's garnishment orders in this proceeding will serve the public interest by combining litigation in a single forum. Other courts have found creditor status sufficient grounds for intervention.[11]

Second, Liberty's absence from the litigation may as a practical matter impede Liberty's ability to collect its judgment against Meyer from Debtor. If this Court rules that Debtor may satisfy its liability to Meyer under the federal judgement by offset, Liberty's garnishment of Debtor will be impacted.

---

[10] *Ministry of Defense and Support v. Cubic Defense Systems, Inc.*, 385 F.3d 1206, 1213 (9th Cir. 2004).

[11] *See In re Arbitration between Holborn Oil Trading Ltd. and Interpetrol Bermuda Ltd.*, 658 F.Supp. 1205 (S.D.N.Y. 1987); *American Jerex Co. v. Universal Aluminum Extrusions, Inc.*, 340 F.Supp. 524 (E.D.N.Y. 1972).

6

Third, there is no reason to believe that Liberty's interest will be adequately protected by the present defendants. Liberty's debtor, Meyer, is a party, but his interests are adverse to Liberty. Meyer's primary concern in this case is his controversy with Debtor, Christie, and Glenn, not satisfaction of Liberty's claim.

The Court therefore grants Liberty's motion to intervene as of right.

**Alternatively, the conditions for permissive intervention are present.**

Even if the circumstances for intervention of right are not present, a court may grant permission to intervene when the movant "has a claim or defense that shares with the main action a common question of law or fact."[12] "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[13]

The conditions for permissive abstention are present. Liberty claims the Debtor and Christie are indebted to Meyer by virtue of the federal court judgment and that judgment cannot be satisfied through offset of the Iowa judgments against Meyer that were allegedly assigned to Debtor, Christie, and Glenn. The questions of fact and law at issue in deciding whether Debtor's liability to Meyer can be offset by Meyer's liability to Debtor in this proceeding are precisely the same issues of law and fact which must be decided to determine if Meyer's liability to Liberty can be satisfied from the judgment against Debtor and Christie. Further, the Court knows of no basis to conclude that

---

[12] F.R. Civ. P. 24(b)(1)(B).

[13] F.R. Civ. P. 24(b)(3).

7

allowing intervention will unduly delay or prejudice resolution of the original parties' rights.

**Conclusion.**

For the foregoing reasons, the Court grant's Liberty Bank's motion to intervene as a matter of right and, in the alternative, permissively.

**IT IS SO ORDERED.**

# # #